## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SCOTT D. STAMATAKIS,

   Plaintiff,                                   CASE NO.:

-VS-

Cf MEDICAL, LLC and
SEQUIUM ASSET SOLUTIONS, LLC,

   Defendants.

_____/

## COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

Plaintiff, SCOTT D. STAMATAKIS ("Mr. Stamatakis" or "Plaintiff"), alleges violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA") and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* ("FCCPA"), against Defendants, Cf MEDICAL, LLC ("CF Medical") and SEQUIUM ASSET SOLUTIONS, LLC ("SAS") (collectively "Defendants").

## INTRODUCTION

1.      The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to eliminate abusive debt collection practices by debt collectors.

1

2.      The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the state of Florida to combat a series of abuses in the area of debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

## JURISDICTION AND VENUE

3.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

4.      The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## COMMON FACTUAL ALLEGATIONS

5.      Plaintiff, Mr. Stamatakis, is a natural person, and citizen and resident of Hillsborough County, Florida.

6.      Defendant, SAS, is a debt collector and attempts to collect payment on past due healthcare and other debts throughout the State of Florida, including Hillsborough County, Florida.

7.     Defendant SAS is a debt collector because it is a collection company that regularly tries to obtain payment of consumer debts through legal proceedings and regularly attempts to collect those debts.

8.     In particular, in the instant matter, Defendant is a debt collector because it is attempting to collect a debt on behalf of Defendant, Cf Medical, who allegedly purchased the debt from St. Joseph's Diagnostic Center ("St. Joe's").

9.     Defendant, Cf Medical, is a creditor who purchases medical debts and who allegedly purchases debts from St. Joe's, including the subject debt of this action.

10.     All references to either Defendant shall also include any of Defendants' predecessors.

11.     On or about June 23, 2021, SAS sent Mr. Stamatakis a collection letter and demanded payment regarding an alleged hospital bill incurred in February 2015 (the "Debt Collection Letter"). A true and correct copy of the Debt Collection Letter is attached hereto as Exhibit "A" and its contents are incorporated by reference herein.

12.     SAS demanded payment on behalf of Cf Medical who had allegedly purchased the hospital bill from St. Joe's.

13.     The hospital bill is a consumer debt because it was incurred by Mr. Stamatakis personally for his healthcare (the "Consumer Debt").

14.     Pursuant to the Debt Collection Letter, SAS identified itself as a "debt collector" and advised Mr. Stamatakis that it was an attempt to collect a debt.

15.     SAS demanded that Mr. Stamatakis pay $175.00 for the Consumer Debt, the remaining balance from a hospital bill allegedly incurred by Mr. Stamatakis in February 2015.

16.     Mr. Stamatakis had previously addressed the Consumer Debt and the Consumer Debt had been paid in full.  A true and correct copy of his payment to St. Joe's is attached hereto as Exhibit "B" and its contents are incorporated by reference herein.

17.     SAS demanded that Mr. Stamatakis pay the Consumer Debt even though it had been paid in full, and even though it is barred by the applicable statute of limitations.

18.     Defendants did not tell Mr. Stamatakis that the Consumer Debt was past the statute of limitations period, nor did Defendants provide Mr. Stamatakis with any disclosures regarding the expiration of the statute of limitations with respect to the Consumer Debt.

19.     Pursuant to the Debt Collection Letter, Defendants demanded payment for the Consumer Debt from Mr. Stamatakis.

20.     Defendants attempted to collect the Consumer Debt from Mr. Stamatakis by sending him the Debt Collection Letter.

21.     The Debt Collection Letter is a collection attempt because Defendants demanded payment for the Consumer Debt pursuant to the Debt Collection Letter.

22.     The Debt Collection Letter is a collection attempt because it demands payment for the Consumer Debt and sets forth the means and method by which payment must be made.

23.     The Debt Collection Letter provides instructions for payment of the Consumer Debt.

24.     The Debt Collection Letter provides for penalties if payment is not made by a certain date.

25.     The Debt Collection Letter improperly seeks payment of the Consumer Debt as it was paid in full and barred by the applicable statute of limitations.

26.     Defendants did not advise Mr. Stamatakis that the Consumer Debt was past the statute of limitations in an attempt to mislead Mr. Stamatakis into paying the Consumer Debt.

27.     The Debt Collection Letter is misleading because the Defendants gave a false impression of the character of the Consumer Debt by not advising Mr. Stamatakis that collection of same was barred by the statute of limitations.

28.     The Debt Collection Letter hides the true character of the Consumer

Debt and impairs Mr. Stamatakis' ability to knowledgeably assess the validity of

the Consumer Debt.

29.     The Debt Collection Letter is misleading on its face.

30.     Defendants knew that they were not entitled to attempt to collect the

Consumer Debt from Mr. Stamatakis as they knew the Consumer Debt was barred

by the statute of limitations and had been paid in full.

31.     All conditions precedents to this action have been fulfilled, waived or

performed.

**COUNT I**
**(Mr. Stamatakis v. SAS)**
**(Violation of the FDCPA)**

32.     Mr. Stamatakis incorporates Paragraphs one (1) through thirty-one

(31) above as if fully set forth herein.

33.     This is an action against Defendant, SAS, for violations of the Federal

Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for

damages in excess of $15,000.00, exclusive of interest, court costs and attorneys'

fees.

34.     The Consumer Debt is a consumer debt within the meaning of the

FDCPA. This is so because it was incurred for Mr. Stamatakis' healthcare; and

thereby created an obligation for Mr. Stamatakis to pay money arising out of a transaction which was primarily for personal, family, or household purposes.

35.     Mr. Stamatakis is a natural person that was the borrower of and obligated to pay the Consumer Debt.

36.     Defendant, SAS, is a debt collector within the meaning of the FDCPA. This is so because:

    a. SAS is a person that uses the U.S. Mail, correspondence, fax transmissions, email, lawsuits and other instrumentalities of interstate commerce in sending communications such as the Debt Collection Call for the Consumer Debt; and

    b. SAS's principal business purpose is the collection of debts, as SAS regularly calls, sends collections letters and files collection lawsuits throughout the State of Florida in order to collect delinquent consumer debts for another person as it did for the Consumer Debt; and

    c. SAS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as it did for the Consumer Debt on behalf of the original medical provider.

37.     The Debt Collection Letter is an attempt to collect the Consumer Debt.

38.     The Debt Collection Letter demanded payment for amounts that had already been paid, and for amounts past the applicable statute of limitations.

39.     SAS had actual knowledge of the Debt Collection Letter seeking amounts due past the applicable statute of limitations as they were collecting the Consumer Debt which was incurred in February 2015, well outside of the applicable statute of limitations period.

40.     The illegal amounts sought in the Debt Collection Letter are substantial and material.

41.     The Debt Collection Letter is misleading because it gave a false impression of the character and/or amounts of the Consumer Debt, namely that it was barred by the statute of limitations and had already been paid in full.

42.     The Debt Collection Letter is a false representation as to the correct legal amounts regarding the Consumer Debt and an attempt to collect illegal amounts that are barred by the applicable statute of limitations.

43.     As a result of SAS's conduct as described herein in attempting to collect amounts barred by the statute of limitations, SAS has violated:  15 U.S.C. §1692(e), 15 U.S.C. §1692(e)(2)(A), 15 U.S.C. §1692(e)(10), 15 U.S.C. §1692(f) and/or 15 U.S.C. §1692(f)(1), which provide:

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(2) The false representation of—*
> *(A) the character, amount, or legal status of any debt.*
>
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*
>
> *§1692(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
> > *(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

44.    As a result of SAS's debt collection conduct as described herein, Mr. Stamatakis has been injured, has suffered from unnecessary and unwanted sleeplessness, worry, anxiety, fear, frustration, anger, and loss of his personal and professional time.

45.    Mr. Stamatakis is: (a) is entitled to collect his attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, Mr. Stamatakis, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and

(iv) such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT II
### (Mr. Stamatakis v. SAS)
### (Violation of the FCCPA)

46.     Mr. Stamatakis incorporates Paragraphs one (1) through thirty-one (31) above as if fully set forth herein.

47.     This is an action against Defendant, SAS, for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

48.     The Consumer Debt is a consumer debt within the meaning of the FCCPA. This is so because it was incurred for Mr. Stamatakis' healthcare; and thereby created an obligation for Mr. Stamatakis to pay money arising out of a transaction which was primarily for personal, family, or household purposes.

49.     Mr. Stamatakis is a natural person that was the borrower of and obligated to pay the Consumer Debt.

50.     SAS is a debt collector within the meaning of the FCCPA. This is so because:

      a.  SAS is a person that uses the U.S. Mail, correspondence, fax transmissions, email, lawsuits and other instrumentalities of interstate

commerce in sending communications such as the Debt Collection Letter for the Consumer Debt; and

    b. SAS's principal business purpose is the collection of debts, as SAS regularly calls, sends collections letters and files collection lawsuits throughout the State of Florida in order to collect delinquent consumer debts for another person as it did for the Consumer Debt; and

    c. SAS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as it did for the Consumer Debt on behalf of the original medical provider.

51.    The Debt Collection Letter is an attempt to collect the Consumer Debt.

52.    The Debt Collection Letter demanded payment for amounts that had already been paid and for amounts past the applicable statute of limitations.

53.    SAS had actual knowledge of the Debt Collection Letter seeking amounts due past the applicable statute of limitations as they were collecting the Consumer Debt which had been incurred in February 2015, well outside of the applicable statute of limitations period.

54.    The illegal amounts sought in the Debt Collection Letter are substantial and material.

55.     The Debt Collection Letter is misleading because it gave a false impression of the character and/or amounts of the Consumer Debt, namely that it was barred by the statute of limitations and had already been paid in full.

56.     The Debt Collection Letter is a false representation as to the correct legal amounts regarding the Consumer Debt and attempt to collect illegal amounts that are barred by the applicable statute of limitations.

57.     The Debt Collection Letter constitutes "communication" as defined by Florida Statutes, §559.55(2) because it conveyed information such as the alleged amounts owed for the Consumer Debt and who allegedly owed such Consumer Debt, to Mr. Stamatakis who is a person and such "communication" was in the form of a telephone call, the U.S. Mail, correspondence, fax transmissions and/or email.

58.     As a result of SAS's conduct as described herein in attempting to collect amounts barred by the statute of limitations and failing to advise Mr. Stamatakis that such amounts were past the applicable statue of limitations period in the Debt Collection Letter, SAS has violated Florida Statutes, §559.72(9) which makes it unlawful to: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

59.     As a result of SAS's debt collection conduct as described herein, Mr. Stamatakis has been injured, has suffered from unnecessary and unwanted

sleeplessness, worry, anxiety, fear, frustration, anger, and loss of his personal and professional time.

60.    Mr. Stamatakis is: (a) is entitled to collect his attorney's fees and costs pursuant to the <u>Florida Statutes</u>, §559.77(2); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, Mr. Stamatakis, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to <u>Florida Statutes</u>, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

## <u>COUNT III</u>
**(Mr. Stamatakis v. Cf Medical)**
**(Violation of the FCCPA)**

61.    Mr. Stamatakis incorporates Paragraphs one (1) through thirty-one (31) above as if fully set forth herein.

62.    This is an action against Defendant, Cf Medical, for violations of Florida's Consumer Collections Practices Act, <u>Florida Statutes</u>, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

63.     The Consumer Debt is a consumer debt within the meaning of the FCCPA. This is so because it was incurred for Mr. Stamatakis' healthcare; and thereby created an obligation for Mr. Stamatakis to pay money arising out of a transaction which was primarily for personal, family, or household purposes.

64.     Mr. Stamatakis is a natural person that was the borrower of and obligated to pay the Consumer Debt.

65.     Cf Medical is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

66.     The Debt Collection Letter is an attempt to collect the Consumer Debt.

67.     Cf Medical engaged in consumer debt collection activities against Mr. Stamatakis in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

68.     The Debt Collection Conduct includes Cf Medical's wrongful attempts to collect the Consumer Debt from Mr. Stamatakis.

69.     The Debt Collection Conduct includes Cf Medical's instructions to SAS to send the Debt Collection Letter to Mr. Stamatakis, all while knowing that Mr. Stamatakis did not owe the amounts sought therein and that the amounts sought were barred by the statute of limitations.

70.     The Debt Collection Letter demanded payment for amounts that had already been paid and for amounts past the applicable statute of limitations.

71.     Cf Medical had actual knowledge of the Debt Collection Call seeking amounts due past the applicable statute of limitations as it purchased the Consumer Debt from St. Joe's which had been incurred in February 2015, well outside of the applicable statute of limitations period.

72.     The illegal amounts sought in the Debt Collection Letter are substantial and material.

73.     The Debt Collection Letter was misleading because it gave a false impression of the character and/or amounts of the Consumer Debt, namely that it was barred by the statute of limitations and had already been paid in full.

74.     The Debt Collection Letter is a false representation as to the correct legal amounts regarding the Consumer Debt and attempt to collect illegal amounts that are barred by the applicable statute of limitations.

75.     The Debt Collection Letter constitutes "communication" as defined by Florida Statutes, §559.55(2) because it conveyed information such as the alleged amounts owed for the Consumer Debt and who allegedly owed such Consumer Debt, to Mr. Stamatakis who is a person and such "communication" was in the form of a telephone call, the U.S. Mail, correspondence, fax transmissions and/or email.

76.     As a result of Cf Medical's conduct as described herein in attempting to collect amounts barred by the statute of limitations and failing to advise Mr. Stamatakis that such amounts were past the applicable statute of limitations period, and instructing SAS to send the Debt Collection Letter, CF Medical has violated Florida Statutes, §559.72(9) which makes it unlawful to: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

77.     As a result of Cf Medical's Debt Collection Conduct as described herein, Mr. Stamatakis has been injured, has suffered from unnecessary and unwanted sleeplessness, worry, anxiety, fear, frustration, anger, and loss of his personal and professional time.

78.     Mr. Stamatakis is: (a) is entitled to collect his attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, Mr. Stamatakis, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of

$1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief

that this Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

By: / s / Sami Thalji
Sami Thalji, Esquire, Trial Counsel
Florida Bar No.:
Melissa Miller Thalji, Esquire
Florida Bar No.:174467
FLORIDA CONSUMER LAWYERS
P.O. Box 341499
Tampa, Florida 33694
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email: service@floridacl.com
Counsel for Plaintiff